30761. PARKER *v.* FORD.

DECIDED JANUARY 31, 1945.

*Roberts & Roberts,* for plaintiff in error.
*Marvin A. Allison, A. M. Kelly,* contra.

SUTTON, P. J. Mrs. W. P. Ford sued L. H. Parker to recover damages for personal injuries, for medical expenses, and for expenses for repairs to the automobile which she was driving when injured, on account of the alleged negligence of the defendant. It appears from the record that the accident complained of occurred on April 12, 1941, on the paved highway No. 10 at a point east of Decatur and a short distance from where the dirt road, Memorial Drive, comes into said paved highway. The plaintiff was driving an automobile along the paved highway, traveling west towards Decatur, and was going up grade; the defendant was traveling east in his truck, which was being operated by his employee. The latter had been traveling on Memorial Drive and had just turned into the paved highway and was going down hill, meeting Mrs. Ford, when the spare wheel fell from the defendant's truck, and, rolling down the highway, collided with the car driven by Mrs. Ford, causing the injuries and damages complained of.

The petition alleges that the damages sued for were caused by and proximately resulted from the negligence of the defendant in the following particulars: "13. Petitioner shows that each and all items of damage herein sued for were caused by and proximately resulted from the negligence of the defendant in the following particulars: (a) In violating section 68-303 of the Code of Georgia for 1933, which provides, in part, as follows: 'No person shall operate a motor vehicle upon any public street or highway at a greater speed than is reasonable and safe, having due regard for the width, grade, character, traffic, and common use of such street or highway, nor so as to endanger life or limb or property in any respect whatsoever.' (b) In operating said truck on said highway at said time and place without having the spare wheel which was attached to said truck securely fastened to said truck; and in not

having said spare wheel so securely fastened that it could not be-come loose and endanger the property and life of others traveling on said highway, and particularly the plaintiff. (c) In driving said truck at an excessive and high rate of speed of sixty miles per hour. (d) In failing to have said car under control and par-ticularly the spare wheel which was attached to said truck so as to avoid said spare wheel from falling off of said truck and run-ning into the car which was being driven by plaintiff."

The defendant denied liability, and contended that he was with-out fault, and that the injuries complained of were the result of an unavoidable accident, which could not have been foreseen. The jury returned a verdict in favor of the plaintiff for $250. The defendant made a motion for a new trial, which was overruled, and the exception here is to that judgment.

The plaintiff testified that she saw a truck coming toward her at high speed and in her opinion it was going sixty miles an hour, and that the spare wheel fell off of the truck and rolled down the highway and collided with the car which she was driving; that she was going up hill and the truck was coming down hill at the time of the accident. She testified that after the collision occured Mr. Parker got out of the truck and came back and said it was his fault and that he would pay the expenses, and stated at that time that the spare wheel was lying on the frame of the truck when it fell off. She also testified as to her personal injuries, which were painful and severe; that immediately after the accident she was carried to Emory University Hospital and treated by a physician; that she also went to Dr. Kelley at Lawrenceville several times and was treated by him, and that she paid him every time that she went to see him.

Her husband, W. P. Ford, testified as to her personal injuries, and that she went to Dr. Kelley at Lawrenceville for treatment several times on account of the injuries received in the accident complained of, and that they paid Dr. Kelley each time they went to see him; that he did not remember the amount they paid the doctor, but that he was paid as much as three dollars per visit; that they did not keep any account of the total amount paid for the medical expenses. He and his wife both testified that the re-pair bill she had to pay for the car was $76.50.

The county policeman, who was called to the scene of the accident, testified to the effect that he saw the wheel, and while he did not know the size of it, it was a big wheel off of the truck; that it was a complete wheel, tire and tube, and had air in it; that Mrs. Ford's clothing was torn; that she was cut and bruised about the body and was bleeding profusely, and that he sent her to the hospital; that Mr. Parker stated to him that the wheel was lying on the truck back of the cab; that it was not chained and fastened to the truck, and evidently had been bounced off of the truck and rolled and hit Mrs. Ford's car; that it was lying back of the cab; that he had insurance on the truck; that the damage to the car was covered; that he would report it to the insurance company; and that he would take care of the damage sustained by Mrs. Ford. He also testified that Memorial Drive was not paved at that time and that it was very rough, and especially so where it went into the highway.

The driver of the truck testified that Memorial Drive on which they had been traveling just before going into the paved highway a short distance from where the accident occurred was not paved and was rough and "wash-boardy" at that time; that the spare wheel was in a small tool box six or eight inches deep just behind the cab on the truck; that the wheel was not tied or fastened and that it had never come out before; that the spare wheel was a big truck wheel, and that if the tools were in the box, it would extend above the top of the box. He further testified that the truck was being driven at about thirty-five miles an hour, and that he heard Mr. Parker tell the plaintiff at the scene of the accident that he would pay the damages.

The defendant testified to the effect that his truck was being driven at about thirty or thirty-five miles an hour at the time of the accident and that the spare tire was in the tool box on the truck back of the cab, that it was at the place where he was accustomed to carry it, and that he had never had one to get out before or since that time; that he offered to take Mrs. Ford to the doctor and to send the car to the garage and that he told them that his truck was insured, but he denied that he agreed to make payment of the damages himself.

For a decision of this case, it is not deemed necessary to set out any more of the evidence, as it will be seen from the above that the

jury was authorized to find in favor of the plaintiff. The evidence was sufficient to authorize the jury to find that the defendant was negligent in not having the large and heavy spare wheel attached to the truck so that it would not bounce up and roll off the truck and injure someone. The truck, immediately before the accident happened, was being driven on a rough. unpaved road, which in all probability caused the spare wheel to bounce out of the shallow tool box, where it was being carried, to the floor or chassis of the truck, and then roll off on the highway. And especially would this be true where the jury could have found that the truck was being driven at an excessive rate of speed. This was not such an occurrence as could not have been expected or anticipated by the defendant. But it is reasonable to say that a person in the exercise of ordinary care, under the facts and circumstances disclosed by the record, would have anticipated such an accident or a similar happening and guarded against it by having the spare wheel securely attached and fastened to the truck.

The plaintiff sued for $2500 damages, and the case has been tried twice, and both times a verdict was returned for the plaintiff. The plaintiff received severe and painful personal injuries; she paid $76.50 for having the automobile repaired; and there was some evidence as to medical expenses incurred and paid. The verdict was for only $250, and the case is here on the general grounds of the motion and one special ground, assigning error on the charge of the court with reference to the right to recover reasonable medical expenses on the ground that the charge was not authorized. There was some evidence as to the medical expenses paid by the plaintiff, as above stated, and this ground of the motion does not require a reversal of the case. The verdict was amply authorized by the evidence. It was approved by the trial court, and should not be disturbed by this court.

Judgment affirmed. Felton and Parker, JJ., concur.